Francisco *v.* Breeden *et al.*

*(Knoxville,* September Term, 1950.)

Opinion filed June 16, 1951.

Crawford & Hurd, of Newport, and O. L. McMahan, of Morristown, for complainant.

S. J. Anderson, of Morristown, for defendants.

Mr. Justice Prewitt delivered the opinion of the Court.

This cause was tried on bill and answer and the Chancellor dismissed the bill on account of the fact that the bill was prematurely filed.

The cause involves the construction of Chapter 313 of the Private Acts of 1949 of the General Assembly of Tennessee, Section 3, which provides as follows: ''That the Road Commission is hereby authorized to appoint a Road Superintendent, an Assistant Road Superintendent and a Bookkeeper, whose respective terms of office shall be for two years. That said Road Commission is further authorized to remove said Road Superintendent, Assistant Road Superintendent, or Bookkeeper at any time that, in their opinion, their services are not desirable or are not in the best interests of said county.''

Highway Commissioners were named in the Act. Thereafter, an election was held but before the defendants were inducted into office, this bill was filed to enjoin them from discharging the complainant on the

ground that the preceding Commission had elected him for two years.

Complainant insists that the Commissioners had the right to remove the Superintendent only upon legal grounds, charges preferred and a hearing on such charges. He relies upon Sections 9008-9018 of the Code but which constitute the general law on removal of public officers in which the officer has a vested property right in his office. These sections have no application here because a public county office was not created by this Private Act.

In *State ex rel. Harris* v. *Buck,* 138 Tenn. 112, 196 S. W. 142, the Court held that where the defendant was employed by the quarterly court as county engineer under a contract that could be terminated by either party on thirty days notice, under a statute not expressly declaring the purpose of the act to create a public office, in such case the defendant was an employee and not an officer.

However, the purpose of the bill was to enjoin the Commissioners from discharging the complainant before they were inducted into office. We think the Chancellor correctly entered a decree dismissing the bill and dissolving the injunction for the reason that the suit was prematurely brought. See *Hawkins* v. *Kercheval,* 78 Tenn. 535.

The decree of the Chancellor is affirmed.

All concur.